IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JH

| | | |
|---|---|---|
| In re: Mariana Hodari, | ) | |
| Debtor/Appellee | ) ) ) | |
| v. | ) ) ) | No. 07 C 420 |
| Shorebank, | ) ) ) | The Honorable William J. Hibbler |
| Creditor/Appellant. | ) ) ) ) | |

**MEMORANDUM OPINION AND ORDER**

I. FACTUAL BACKGROUND

On May 25, 2007, Shorebank executed a mortgage and promissory note to Mariana S. Hodari ("Hodari") for property she purchased in Chicago, Illinois. In January 2006, Shorebank executed another mortgage and promissory note granting Shorebank a second mortgage lien on Hodari's property. In July 2006, Hodari filed a voluntary petition for relief, styled *In re Mariana S. Hodari*, 06 BK 8162, under Chapter 13 of the United States Bankruptcy Code. Therefore, at the time of Hodari's bankruptcy petition, Shorebank held a secured interest in Hodari's property pursuant the mortgages and promissory notes. Both mortgages contained provisions entitling Shorebank to recover reasonable attorney fees and expenses incurred in collecting on the debts and preserving Shorebank's interest in the property.

Subsequent to Hodari's filing for bankruptcy relief, Shorebank retained the Law Offices of Brookins & Wilson (Brookins & Wilson) for representation of their secured interest in Hodari's bankruptcy estate. Initially, Brookins & Wilson billed Shorebank a flat rate of $600.00

for intake and monitoring of Hodari's bankruptcy petition. On September 6, 2006, Brookins & Wilson filed two proofs of claim on behalf of Shorebank, which represented the total amounts of Shorebank's secured interest along with pre-petition arrears. On September 13, 2006, Hodari filed a modified Chapter 13 Plan; however, the modified plan failed to account for the pre-petition arrears claimed by Shorebank. In response, Brookins & Wilson filed an objection to the confirmation of Hodari's Chapter 13 plan on behalf of Shorebank. In addition, the law firm filed a motion to allow costs of collection for attorneys' fees incurred for monitoring the case and filing the objection to the confirmation. Brookins & Wilson billed Shorebank $850.00 for the filing of the objections and the motion for fees. At a scheduled hearing, Hodari's counsel made an oral objection to Shorebank's motion for fees and the bankruptcy court continued the confirmation hearing. On October 24, 2006, Brookins & Wilson, on behalf of Shorebank, filed additional documentation for its motion to allow for costs of collection. The bankruptcy court again continued the confirmation of Hodari's Chapter 13 plan. At a November 9, 2006 hearing, Hodari's counsel made another oral objection regarding Brookins & Wilson fees arguing that Shorebank's filed objection and fees were unnecessary, thus the fee charged by Brookins & Wilson was extraneous. After oral arguments, the bankruptcy court took Shorebank's motion to allow cost of collection under advisement. At a November 30, 2006 hearing, the bankruptcy offered Brookins & Wilson the option of accepting $500.00 for their fees. After counsel rejected the offer, the bankruptcy court entered an order denying Shorebank's motion in its entirety. Brookins & Wilson now appeal, alleging that the bankruptcy court erroneously denied its motion for fees and expenses under 11 U.S.C. § 506(c).

## II. ANALYSIS

This Court has jurisdiction over bankruptcy appeals pursuant to *28 U.S.C. § 158(a)*. The

Court reviews the bankruptcy court's findings of fact for clear error and its conclusions of law de novo. *Matter of UNR Indus., Inc.*, 986 F.2d 207, 208 (7th Cir. 1993); FED. R. BANKR. P. 8013. According to RULE 8013: "Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous," and "due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses." FED. R. BANKR. P. 8013; *Goulet v. Educ. Credit Mgmt. Corp.*, 284 F.3d 773, 778 (7th Cir. 2002); *In re Krueger*, 192 F.3d 733, 737 (7th Cir. 1999). A factual finding is not clearly erroneous unless the reviewing court, having considered the entire body of evidence, is left with the definite and firm conviction that a mistake had been committed. *In re Pearson Bros. Co.*, 787 F.2d 1157, 1161 (7th Cir. 1986). The reasonableness of attorney's fees are a question of fact. Accordingly, this Court will not set aside attorney's fees calculations unless those findings were "clearly erroneous." FED. R. BANKR. P. 8013; *Goulet*, 284 F.3d at 778.

11 U.S.C. § 506(c) provides that, "the trustee may recover from property securing an allowed secured claim the reasonable, necessary costs and expenses of preserving, or disposing of, such property to the extent of any benefit to the holder of such claim." The bankruptcy court has wide discretion in making fee determinations. *In re Wildman*, 72 B.R. 700, 705 (Bankr. N.D. Ill. 1987). "The standard of review on appeal of a fee award by a bankruptcy court is whether the bankruptcy judge has abused discretion. *Id.*, citing *In re U.S. Golf Corp.*, 639 F.2d 1197 (5th Cir. 1981). On appeal, a bankruptcy court will be overturned for abuse of discretion when "its decision is premised on an incorrect legal principle or a clearly erroneous factual finding, or when the record contains no evidence on which the court rationally could have relied." *In re Kmart Corp.*, 381 F.3d 709, 713 (7th Cir. 2004). Under the abuse of discretion standard, a court will not "second-guess the decision of a trial judge that is in conformity with established legal

principles and, in terms of its application of those principles to the facts of the case, is within the range of options from which one would expect a reasonable trial judge to select." *Liu v. Price Waterhouse LLP*, 302 F.3d 749, 754 (7th Cir. 2002)(quoting *Am. Nat'l Bank & Trust v. Reg'l Transp. Auth.*, 125 F.3d 420 (7th Cir. 2002)). "A party appealing under [the abuse of discretion standard] bears a heavy burden, for 'a decision constitutes an abuse of discretion when it is not just clearly incorrect, but down-right unreasonable.'" *Zhou v. Guardian Life Ins. Co. of Am.*, 295 F.3d 677, 679 (7th Cir. 2002)(quoting *Cincinnati Ins. Co. v. Flanders Elec. Motor Svc.*, 131 F.3d 625, 628 (7th Cir. 1997)).

Upon review of the transcript of proceedings, this Court finds that it the record is absent of any factual findings made by the bankruptcy court in concluding that Brookins & Wilson's fees were unreasonable. The following lengthy excerpt exemplifies the exchange that took place at the November 9, 2006 hearing before the bankruptcy court.

> Mr. Wilson: ... The $600 is a flat fee, and that's what it costs. Sometimes we need to cover to the meeting of creditors - -
>
> The Court: I agree with Mr. Kahn, $600 as a flat fee is really at the high end.
>
> . . . .
>
> Mr. Wilson: ... And when I did the canvas many firms are getting $550 just for the referral, 450, $550, $600 just for the referral of the file and working the file through the continuation of the case.
>
> . . . .
>
> Mr. Wilson: When I look at what the other firms are charging, and what we get on our files, the $600 is clearly consistent for two mortgages.
>
> The Court: What other firm charges $600 as a flat rate?
> Ms. Clark: Pierce & Associates.
>
> . . . .

4

| | |
|---|---|
| The Court: | Well, why are you as the highest billing individual in your firm doing this work at three-fifty an hour. |
| Mr. Wilson: | I'm not doing this work. |
| The Court: | What's the actual time expended? |
| Mr. Wilson: | That's what it will be for, actual time. Every file that the client sends over, I do the intake. I review it, I make sure all the paperwork is there . . . |
| The Court: | So this is not a statement of actual time expended? |
| Mr. Wilson: | This is a statement of actual time. This is - - the first one is a flat fee. |

. . . .

| | |
|---|---|
| Mr. Wilson: | The statement of actual time is actual time. That is actually, that's actually what we did, everything we did. And if we were billing it at the hourly rate, how much it would cost. That's not what we're seeking in our motion. |

. . . .

| | |
|---|---|
| The Court: | All right. I'll take the matter under advisement. |

(Tr. pg. 4 -8).

Based upon the record before it this Court cannot determine the bankruptcy court's reasoning for its decision. While the bankruptcy court alludes to its conclusion that the fees charged by Brookins & Wilson were too high, it failed to specify why it believed counsel's fees to be unreasonable or excessive. The burden of proving the reasonableness of attorney's fees is upon the applicant. *In re Kenneth Levanthal & Co.*, 19 F.3d 1174, 1177 (7th Cir. 1994). It is unclear from the record whether the bankruptcy court considered whether Brookins & Wilson met its burden of proof of reasonableness. Moreover, it does not appear from the record that the bankruptcy court afforded counsel an opportunity to specifically establish the reasonableness of

5

its fees. Further, this Court is unable to conduct a meaningful review of the bankruptcy court's decision because it is unable to discern the factual reasoning for the court's ruling. Indeed, the record lacks factual evidence that the bankruptcy court undertook any analysis to determine the reasonableness of Brookins & Wilson's requested attorney fees.

### III. CONCLUSION

Consequently, the judgment of the bankruptcy court denying Shorebank's motion for fees is VACATED, and this case is REMANDED to the bankruptcy court for elaboration and more detailed factual explanation as to why that court denied Appellant's motion for fees.

IT IS SO ORDERED.

7/19/07
Date

Hon. William J. Hibbler